## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SALVADOR GOMEZ,

       Plaintiff,

v.

CAR-MIN CONSTRUCTION CO.,

       Defendant.

FILED: JUNE 25, 2008
08CV3625
JUDGE HART
MAGISTRATE JUDGE MASON

PH

## COMPLAINT AT LAW

Plaintiff, Salvador Gomez ("Gomez"), by and through his attorneys, Caffarelli & Siegel Ltd., for his Complaint, complains against Defendant Car-Min Construction Co. ("Car-Min" or "Company"), as follows:

### NATURE OF ACTION

1.      This action is brought for violations of 42 U.S.C. § 1981 ("Section 1981"), and Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

### JURISDICTION AND VENUE

2.      This court has jurisdiction of this action under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

3.      Gomez has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 2000(e).  On August 16, 2004, he filed a timely charge with the United States Equal Employment Opportunity Commission ("EEOC") and has received a Right to Sue Letter from the EEOC.  This Complaint at Law is being filed within 90 days of receipt of Notice of Right to Sue.  (See Right to Sue and Determination, copies of which are attached as Ex. A.)

4.      During the course and as a result of its investigation, the EEOC issued a rare "cause" finding in this matter, which indicates that the EEOC has found evidence that the company violated Title VII of the Civil Rights Act of 1964, as amended. Id.

5.      Venue is proper in this judicial district as the facts and events giving rise to Gomez's claims occurred in this judicial district, and both Gomez and the Company are residents of this district. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.      Plaintiff Salvador Gomez is a resident of Waukegan, Illinois. He is a former employee of Defendant Car-Min. Gomez's race is Hispanic and his national origin is Mexican.

7.      Defendant Car-Min is a corporation doing business in the State of Illinois, with an office at 1000 Low Avenue, Waukegan, Illinois  60085. Car-Min is in the construction industry, and is capable of being sued, is an employer for purposes of 42 U.S.C. § 2000(e)(b), and is engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000(e)(h).

## FACTUAL ALLEGATIONS

8.      Gomez was hired by Car-Min in or about April 1999 as a laborer. Gomez worked at Car-Min until his termination on or about August 5, 2004. Gomez was paid $28 per hour at the time of his termination.

9.      Gomez performed his job satisfactorily throughout his employment with Car-Min.

10.      Throughout his employment with Car-Min, Gomez was harassed and discriminated against on the basis of his race (Hispanic) and national origin (Mexican).

11.      Gomez was subjected to a hostile work environment on the basis of his Race, Hispanic and National Origin, Mexican. He regularly and consistently was subjected to

derogatory comments from supervisors and co-workers. He was called various names, including but not limited to, "wetback," "lazy," "stupid," "spic," "greaseball," and "moron." Supervisors and co-workers would tell Gomez to go back to Mexico and ask "why are you here if you cannot speak English?"

12.     Robert Koop (supervisor), and his son, Anthony Koop, routinely used the derogatory epitaphs described above, as well as others. The Koops also treated Gomez worse than his non-Hispanic, non-Mexican co-workers.

13.     On or about August 5, 2004, Gomez had a disagreement with Anthony Koop. Specifically, Gomez was working on a project when Anthony Koop approached him and demanded that Gomez give him the wheelbarrow that Gomez was using. Gomez refused to provide the wheelbarrow to Anthony Koop and told him that there were additional wheelbarrows on the site, and he should get his own.

14.     During the evening on or about August 5, 2004, Robert Koop called Gomez at home. He told Gomez to leave his son alone or else he would come over and kick Gomez's ass. Robert Koop then terminated Gomez's employment with Car-Min.

15.     Gomez asked for his job back, but Car-Min refused to reverse its decision to terminate him.

16.     Gomez was unlawfully terminated by Car-Min on the basis of his Race (Hispanic) and/or National Origin (Hispanic).

17.     As a direct and proximate result of said acts, Gomez has suffered and continues to suffer great distress, humiliation, expense, embarrassment, damage to his reputation, and other damages of both a pecuniary and non-pecuniary nature.

18.     The aforementioned acts and conduct of Car-Min were done in knowing violation of Gomez's civil rights, and its conduct was intentional, willful, wanton, malicious, and outrageous, warranting the imposition of punitive damages under Section 1981, and Title VII.

## COUNT I
## SECTION 1981 – RACE DISCRIMINATION

19.     Plaintiff incorporates and re-alleges paragraphs 1 through 18 as if fully rewritten herein.

20.     By virtue of the foregoing race based harassment during his employment, Car-Min has discriminated against Gomez in the making and performance of an employment contract in violation of 42 U.S.C. § 1981.

## COUNT II
## TITLE VII – RACE DISCRIMINATION

21.     Plaintiff incorporates and re-alleges paragraphs 1 through 20 as if fully rewritten herein.

22.     The above harassing and discriminatory pattern and practice based on Gomez's Race (Hispanic) by Car-Min violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e.

## COUNT III
## TITLE VII – NATIONAL ORIGIN DISCRIMINATION

23.     Plaintiff incorporates and re-alleges paragraphs 1 through 22 as if fully rewritten herein.

24.     The above harassing and discriminatory pattern and practice based on Gomez's National Origin (Mexico) by Car-Min violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e.

## PRAYER FOR RELIEF

WHEREFORE, Gomez respectfully requests that this Court grant the following relief:

A.    Enter a judgment that Defendant's acts and practices as set forth herein are in violation of Section 1981;

B.    Enter a judgment that Defendant's acts and practices as set forth herein are in violation of Title VII;

C.    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices;

D.    Award Gomez lost wages, including back pay, front pay, and lost benefits, and including, without limitation, any lost benefits that would otherwise have been available to Gomez without the discrimination;

E.    Award Gomez compensatory and punitive damages;

F.    Award reinstatement to Gomez;

G.    Awarding reasonable attorneys' fees and costs incurred by Gomez in connection with the instant action; and

H.    Awarding Gomez such further and additional relief as the Court may deem just and proper.

Dated: June 25, 2008

Respectfully submitted,

SALVADOR GOMEZ

Alejandro Caffarelli, #06239078
Bradley Manewith, #06280535
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231
Email  info@caffarelli.com
Web    www.caffarelli.com

By: _____
        Attorney for Plaintiff

**JURY DEMAND**

Plaintiff demands a jury to hear and
decide all issues of fact.

_____
        One of Plaintiff's Attorneys



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-2713
TTY (312) 353-2421
FAX (312) 353-4041

**EEOC Charge Number** :

Salvador Gomez

Charging Party

vs.

Waukegan, Illinois 60085

Respondent

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations,  I  issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII).

The Respondent is an employer within the meaning of Title VII and all requirements for coverage have been met.

Charging Party alleges that all Mexican employees, including himself, were subjected to a hostile work environment because of their national origin, Mexican, in that they were mistreated, harassed, threatened and assaulted, in violation of Title VII.

I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent subjected a class Mexican employees, including Charging Party, to harassment, different terms and conditions of employment, constructive discharge and/or termination because of their national origin, Mexican, in violation of Title VII.

This determination is final.   When the Commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation.  Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter.  Disclosure of information obtained during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601).



EXHIBIT

A

**EOC Charge Number**
**Page 2**

If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time, by proposing terms for a conciliation agreement; that proposal should be provided to the Commission representative within 14 days of the date of this determination. The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief. These remedies may include, as appropriate, an agreement by the Respondent not to engage in unlawful employment practices, placement of victims in positions they would have held but for the discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process, or the conciliation terms they would like to propose, we encourage the Respondent to contact the assigned Commission representative. Should there be no response from the Respondent in 14 days, we may conclude that further conciliation efforts would be futile or nonproductive.

On Behalf of the Commission

Date  6-9-05

John P. Rowe
District Director

EEOC Form 161-A (3/98)                U. ... EQUAL EMPLOYMENT OPPORTUNITY CO...ISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| | | | |
|---|---|---|---|
| To: | **CERTIFIED MAIL: 7001-2510-0006-0606-8798 CP ATTY.**<br><br>**Salvador Gomez**<br>**102 N. Frolic**<br>**Waukegan, IL 60085** | From: | **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2800**<br>**Chicago, IL 60661** |

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2004-06598 | **Jose Romo,**<br>**Investigator** | **(312) 353-8175** |

## TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge.  The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you.  In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*John P. Rowe*

**John P. Rowe,**
**District Director**

5/22/08
*(Date Mailed)*

cc:    **CAR-MIN CONSTRUCTION CO.**