UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SALVADOR GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CV 3625 |
| v. | ) | |
| | ) | Judge Hart |
| CAR-MIN CONSTRUCTION CO., | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT AT LAW

Defendant, CAR-MIN CONSTRUCTION CO., , by and through its attorneys, David A. Axelrod, Robert A. Cohen, and Lyle K. Henretty, for its Answer to Complaint at Law, states:

### NATURE OF ACTION

1. This action is brought for violations of 42 U.S.C. §1981 ("Section 1981"), and Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et seq. ("Title VII").

   **ANSWER:** Defendant admits the allegations contained in paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2. This court has jurisdiction of this action under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

   **ANSWER:** Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Gomez has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. §2000(e). On August 16, 2004, he filed a timely charge with the United States Equal

1

Employment Opportunity Commission ("EEOC") and has received a Right to Sue Letter from the EEOC. This Complaint at Law is being filed within 90 days of receipt of Notice of Right to Sue. (See Right to Sue and Determination, copies of which are attached as Ex. A.)

> **ANSWER:** Defendant admits that Plaintiff filed a charge with the EEOC on August 16, 2004 and that the Complaint at Law was filed within 90 days of receipt of Notice of Right to Sue. With respect to the remaining allegations contained in paragraph 3 of the Complaint at Law, those are legal conclusions to which no answer is required. If an answer is required to said allegations, the remaining allegations of Paragraph 3 are denied. Further, with respect to the Determination attached to the Complaint at Law as part of Exhibit A, Defendant shall be filing a Motion to Strike.

4. During the course and as a result of its investigation, the EEOC issued a rare "cause" finding in this matter, which indicates that the EEOC has found evidence that the company violated Title VII of the Civil Rights Act of 1964; as amended. Id.

> **ANSWER:** Defendant has moved to strike paragraph 4 of the Complaint and, therefore, makes no answer thereto until the time that the motion to strike is ruled upon.

5. Venue is proper in this judicial district as the facts and events giving rise to Gomez's claims occurred in this judicial district, and both Gomez and the Company are residents of this district. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

> **ANSWER:** Defendant admits that venue is proper in the Northern District of Illinois.

## PARTIES

6.Plaintiff Salvador Gomez is a resident of Waukegan, Illinois. He is a former employee of Defendant Car-Min. Gomez's race is Hispanic and his national origin is Mexican.

**ANSWER:**Defendant admits that Salvador Gomez is a former employee of Defendant, Car-Min Construction. Defendant has insufficient knowledge to admit or deny the remaining allegations contained in paragraph 6 of the Complaint at Law, and therefore demands strict proof thereof.

7.Defendant Car-Min is a corporation doing business in the State of Illinois, with an office at 1000 Low Avenue, Waukegan, Illinois 60085. Car-Min is in the construction industry, and is capable of being sued, is an employer for purposes of 42 U.S.C. § 2000(e)(b), and is engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000(e)(h).

**ANSWER:**Defendant admits the allegations contained in paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8.Gomez was hired by Car-Min in or about April 1999 as a laborer. Gomez worked at Car-Min until his termination on or about August 5, 2004. Gomez was paid $28 per hour at the time of his termination.

**ANSWER:**Defendant admits that Gomez was hired by Car-Min in April 1999 as a laborer. Defendant denies that Gomez was terminated on or about August 5, 2004. Defendant further denies that Gomez was terminated by Car-Min. Defendant admits that at the time that Gomez voluntarily terminated his employment with Car-Min, he was paid $28 per hour.

9. Gomez performed his job satisfactorily throughout his employment with Car-Min.

**ANSWER:** Defendant denies the allegations contained in paragraph 9 of the Complaint at Law.

10. Throughout his employment with Car-Min, Gomez was harassed and discriminated against on the basis of his race (Hispanic) and national origin (Mexican).

**ANSWER:** Defendant denies the allegations contained in paragraph 10 of the Complaint at Law.

11. Gomez was subjected to a hostile work environment on the basis of his Race, Hispanic and National Origin, Mexican. He regularly and consistently was subjected to 2 derogatory comments from supervisors and co-workers. He was called various names, including, but-not limited to, "wetback," "lazy," "stupid," "spic", "greaseball" and "moron". Supervisors and co-workers would tell Gomez to go back to Mexico and ask "why are you here if you cannot speak English?"

**ANSWER:** Defendant denies the allegations contained in paragraph 11 of the Complaint at Law.

12. Robert Koop [sic] (supervisor), and his son, Anthony Koop [sic], routinely used the derogatory epitaphs described above, as well as others. The Koops also treated Gomez worse than his non-Hispanic, non-Mexican co-workers.

**ANSWER:** Defendant answers that the correct spelling is Robert Coop and that the name of the son of Robert Coop is Anthony Heft. Further answering, Defendant denies the allegations contained in paragraph 12 of the Complaint at Law.

13. On or about August 5, 2004, Gomez had a disagreement with Anthony Koop. Specifically, Gomez was working on a project when Anthony Koop approached him and demanded that Gomez give him the wheelbarrow that Gomez was using. Gomez refused to provide the wheelbarrow to Anthony Koop and told him that there were additional wheelbarrows on the site, and he should get his own.

> **ANSWER:** Defendant admits that on August 5, 2004, Gomez had a disagreement with Anthony Heft. Defendant has insufficient knowledge to admit or deny the remaining allegations contained in paragraph 13 of the Complaint at Law, and therefore demands strict proof thereof.

14. During the evening on or about August 5, 2004, Robert Koop called Gomez at home. He told Gomez to leave his son alone or else he would come over and kick Gomez's ass. Robert Koop then terminated Gomez's employment with Car-Min.

> **ANSWER:** Defendant denies the allegations contained in paragraph 14 of the Complaint at Law.

15. Gomez asked for his job back, but Car-Min refused to reverse its decision to terminate him.

> **ANSWER:** Defendant denies the allegations contained in paragraph 15 of the Complaint at Law.

16. Gomez was unlawfully terminated by Car-Min on the basis of his Race (Hispanic) and/or National Origin (Hispanic).

> **ANSWER:** Defendant denies the allegations contained in paragraph 16 of the Complaint at Law.

17.　　As a direct and proximate result of said acts, Gomez has suffered and continues to suffer great distress, humiliation, expense, embarrassment, damage to his reputation, and other damages of both a pecuniary and non-pecuniary nature.

>  **ANSWER:**　Defendant denies the allegations contained in paragraph 17 of the Complaint at Law.

18.　　The aforementioned acts and conduct of Car-Min were done in knowing violation of Gomez's civil rights, and its conduct was intentional, willful, wanton, malicious, and outrageous, warranting the imposition of punitive damages under Section 1981, and Title VII.

>  **ANSWER:**　Defendant denies the allegations contained in paragraph 18 of the Complaint at Law.

## COUNT I
## SECTION 1981-RACE DISCRIMINATION

19.　　Plaintiff incorporates and re-alleges paragraphs 1 through 18 as if fully rewritten herein.

>  **ANSWER:**　Defendant incorporates and re-alleges its answers to paragraphs 1 through 18 as if fully rewritten herein.

20.　　By virtue of the foregoing race based harassment during his employment, Car-Min has discriminated against Gomez in the making and performance of an employment contract in violation of 42 U.S.C. § 1981.

>  **ANSWER:**　Defendant denies the allegations contained in paragraph 20 of the Complaint at Law.

## COUNT II
## TITLE VII -RACE DISCRIMINATION

21.     Plaintiff incorporates and re-alleges paragraphs 1 through 20 as if fully rewritten herein.

> **ANSWER:** Defendant incorporates and re-alleges its answers to paragraphs 1 through 20 as if fully rewritten herein.

22.     The above harassing and discriminatory pattern and practice based on Gomez's Race (Hispanic) by Car-Min violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e.

> **ANSWER:** Defendant denies the allegations contained in paragraph 22 of the Complaint at Law.

## COUNT III
## TITLE VII -NATIONAL ORIGIN DISCRIMINATION

23.     Plaintiff incorporates and re-alleges paragraphs 1 through 22 as if fully rewritten herein.

> **ANSWER:** Defendant incorporates and re-alleges its answers to paragraphs 1 through 22 as if fully rewritten herein.

24.     The above harassing and discriminatory pattern and practice based on Gomez's National Origin (Mexico) by Car-Min violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e.

> **ANSWER:** Defendant denies the allegations contained in paragraph 24 of the Complaint at Law.

WHEREFORE, Defendant CAR-MIN CONSTRUCTION CO., prays this Court enter an Order dismissing the Complaint, award it costs and grant such other and further relief as this Court deems just and proper.

                                                 CAR-MIN CONSTRUCTION CO.

                                          By: /s/ David A. Axelrod
                                                   One of Its Attorneys

David A. Axelrod
Robert A. Cohen
Lyle K. Henretty
DAVID A. AXELROD & ASSOCIATES, P.C.
20 S. Clark Street, Suite 2200
Chicago, IL 60603
(312) 782-4600