**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SALVADOR GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CV 3625 |
| v. | ) | |
| | ) | Judge Hart |
| CAR-MIN CONSTRUCTION CO., | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

## MOTION TO STRIKE A PORTION OF EXHIBIT A AND PARAGRAPH FOUR OF THE COMPLAINT AT LAW

Defendant, CAR-MIN CONSTRUCTION CO., by and through its attorneys, David A. Axelrod, Robert A. Cohen, and Lyle K. Henretty, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, moves to strike a portion of Exhibit A and paragraph 4 of the Complaint at Law. In support of this Motion, Defendant states:

1. On June 25, 2008, Plaintiff Salvador Gomez ("Gomez") filed his Complaint at Law against Defendant Car-Min Construction Co. ("Car-Min"). The Complaint at Law alleges violations of 42 U.S.C. § 1981and Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e, *et seq*.

2. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f).

3. Paragraph 3 of the Complaint at Law attaches as Exhibit A, a Right to Sue letter from the EEOC and a June 9, 2005 Determination Letter issued by the EEOC.

4. Paragraph 4 of the Complaint at Law states as follows:

>    4.    During the course and as a result of its investigation, the EEOC [Equal Employment Opportunity Commission] issued a rare "cause" finding in this matter, which indicates that the EEOC has found evidence that the company violated Title VII of the Civil Rights Act of 1964; as amended

(Complaint at Law, par. 4) (citation omitted).  Paragraph 4 cites to the June 9, 2005 Determination Letter.  Paragraph 4 and the June 9, 2005 Determination Letter should be stricken from the Complaint at Law because they are immaterial to Plaintiff's underlying claims and unduly prejudicial to Car-Min.

   4.    In order to maintain a claim under Title VII, a plaintiff must first file a charge against his or her employer with the EEOC, and subsequently receive a Right to Sue Letter from the EEOC. Rush v. McDonald's Corporation, 966 F.2d 1104, 1110 (7th Cir. 1992).  The action must then be filed within 90 days of the receipt of the Notice of Right to Sue. 42 U.S.C. §2005e-5.  Whether or not the EEOC found "cause" or "evidence" that Title VII was violated in a specific instance is irrelevant to maintaining a cause of action under Title VII.  See Id.

   5.    In this case, Car-Min has admitted that Plaintiff filed a charge with the EEOC on August 16, 2004 and that the Complaint at Law was filed within 90 days of receipt of Notice of Right to Sue.  Paragraph 4, which references only the EEOC's June 9, 2005 Determination Letter, discusses matters entirely irrelevant to stating a claim under either Title VII or § 1981: namely that the EEOC found "cause" which "indicated" a violation of Title VII.  These allegations concerning the EEOC's alleged findings are immaterial to any claims contained in the Complaint at Law.

   6.    Whether or not the EEOC issued a finding of cause is irrelevant because it does not, and cannot, establish Plaintiff's claims.  Either the facts exist to support Plaintiff's claims

(which they do not) or those facts do not exist. Whether or not an employee of the EEOC believed that there might be a basis for Plaintiff's claims is not evidence of the claim.

7.  In determining whether or not to admit administrative findings regarding claims of discrimination, a district court must determine whether the prejudicial effect of admitting such findings outweighs their probative value. <u>Young v. James Green Management, Inc.</u>, 327 F.3d 616, 624 (7th Cir. 2003); Fed.R.Evid. 403. In this action, the EEOC's alleged determination of cause has no probative value. Plaintiff can adequately allege his claims against Defendant without referring to the EEOC's determination of cause. Further, whether or not Defendant <u>actually</u> violated Title VII is an issue for the finder of fact. There is no compelling reason to include the Determination Letter or the allegations concerning it in the Complaint at Law. However, allegations that a government agency has effectively determined that Plaintiff violated federal law on the very issues to be decided in this case would greatly prejudice Defendant in front of the finder of fact.[1]

WHEREFORE, Defendant, CAR-MIN CONSTRUCTION CO., prays this Court enter an Order as follows:

(a)  Striking Paragraph 4 of the Complaint at Law;

(b)  Striking the Determination Letter attached to the Complaint as a portion of Exhibit A, and any reference to it in the Complaint at Law; and

(c)  For any further relief this Court deems just.

---

[1] Defendant does not concede that the EEOC found that it violated federal law in general, or Title VII in specific. Defendant further reserves its right to object to the accuracy of any determinations or findings of the EEOC, as well as to the propriety of its investigation and the way in which its investigation was carried out in the instant case.

                        CAR-MIN CONSTRUCTION CO.


                      By:     /s/ David A. Axelrod
                              One of Its Attorneys


David A. Axelrod
Robert A. Cohen
Lyle K. Henretty
DAVID A. AXELROD & ASSOCIATES, P.C.
20 S. Clark Street, Suite 2200
Chicago, IL 60603
(312) 782-4600